IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFFREY PAUL CHITWOOD,**<br><br>Petitioner,<br><br>v.<br><br>**GIPSON, Warden,**<br><br>Respondent. | **Case No. 1:13-cv-00502 AWI MJS (HC)**<br><br>**ORDER DENYING MOTION TO STAY WITHOUT PREJUDICE**<br><br>**ORDER REQUIRING PETITIONER TO FILE AN AMENDED PETITION AND RENEWED MOTION TO STAY WITHIN THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se in a habeas corpus action pursuant to 28 U.S.C. § 2254. On April 5, 2013, Petitioner filed a petition for writ of habeas corpus raising claims that the search and seizure and his arrest were unconstitutional. (Pet. at 4, ECF No. 1.) On direct appeal, Petitioner presented the claims to the California Court of Appeal, Fifth Appellate District and the California Supreme Court. (Lodged Docs 1-7.)

On June 14, 2013, Respondent filed an answer in response to the petition. (Answer, ECF No. 11.) In the answer, Respondent stated that it was Petitioner's burden to prove exhaustion; however Respondent proceeded to address the claims on the merits. (Id.)

Presently, Petitioner has filed a motion to stay the petition to allow him to exhaust

1

his state court remedies.

Despite Petitioner's assertion that he filed a mixed petition containing exhausted and unexhausted claims, it appears Petitioner has exhausted all of the claims in his petition. Further, Respondent has proceeded to address the claims on the merits without alleging a failure to exhaust. Accordingly, there is no need to stay the petition to allow Petitioner to return to state court to exhaust his claims.

As Petitioner has not filed a mixed petition, and his claims are already exhausted, Petitioner's motion to stay the petition is DENIED.

However, Petitioner's motion to stay suggests that Petitioner may wish to add claims of ineffective assistance of counsel in his federal petition and curretnly is attempting to exhaust such claims by way of habeas corpus petitions in state court. To the extent that is Petitioner's intent, he shall be provided thirty (30) days in which to file an amended petition including such claims. To the extent the claims are not exhausted, and the amended petition is a mixed petition containing both exhausted and unexhausted claims, Petitioner may renew his request to stay the petition.

Petitioner is forewarned that amended claims, even if filed within thirty days, may be considered untimely or otherwise barred from federal review under the Antiterrorism and Effective Death Penalty Act of 1996.

IT IS SO ORDERED.

Dated:   August 29, 2013              /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE